**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES F. BEAN,**

    **Plaintiff,**

vs.                                           Case No. 4:19cv348-MW-CAS

**L. KING,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights action on July 29, 2019, by submitting a complaint, ECF No. 1. However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion. An Order was entered on September 6, 2019, advising Plaintiff that he must do one or the other if he wants to proceed with this case. ECF No. 3. That Order was returned to the Court as "undeliverable" on September 16, 2019. ECF No. 4.

In an effort to assist Plaintiff, the Court consulted the Department of Corrections' website which revealed that Plaintiff was out of the Department's custody by court order. Since Plaintiff's conviction was from

Palm Beach County, it appeared that Plaintiff would have been relocated to the Palm Beach County Jail.  See ECF No. 5.  Thus, the Clerk of Court was directed to forward the prior Order to Plaintiff at the Palm Beach County Jail and Plaintiff was given additional time in which to submit the amended in forma pauperis motion if he desired to proceed with this case.  Id.  That Order was also returned to the Court as undeliverable.  ECF No. 6.  Nothing further has been received from Plaintiff, and he has never provided the Court with a notice of change of address after initiating this case.  Ample time has been provided for him to do so if he desired to prosecute this case.  Since Plaintiff has not taken any steps to proceed, it now appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2020.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or**

Case No. 4:19cv348-MW-CAS

**recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**